# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GUY NEIGHBORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-4065-DDC |
| | ) |
| LAWRENCE POLICE | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Based on the Tenth Circuit's decision in *Lister v. Department of the Treasury*,[1] this Report and Recommendation is submitted to the district judge. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, within fourteen days after plaintiff is served with a copy of this Report and Recommendation, plaintiff may file written objections. If no objections are timely filed, no appellate review will be allowed by any court.

This matter comes before the court upon plaintiff's motion to proceed without prepayment of fees (ECF No. 3) and his affidavit of financial status (ECF No. 3-1). The court may allow plaintiffs to commence a civil action without pre-paying fees if they have submitted a financial affidavit showing that they are unable to pay these fees.[2] Proceeding *in forma pauperis* is a privilege, not a right.[3] It is within the trial court's discretion to grant leave for a party to

---

[1] 408 F.3d 1309, 1311–12 (10th Cir. 2005) (holding that magistrate judges do not have authority to issue final orders denying motions to proceed *in forma pauperis* pursuant to 28 U.S.C. § 636, although they may issue reports and recommendations to district judges).

[2] 28 U.S.C. § 1915(a)(1).

[3] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

proceed *in forma pauperis*.[4]  The court may only grant leave upon reviewing a complete financial affidavit.[5]

*In forma pauperis* status must be established in each case, even if the movant has proceeded *in forma pauperis* in the past.[6]  Because a person's financial status may change, the court must examine each motion to proceed *in forma pauperis* in light of the person's present status.[7]  Past decisions about a person's financial status are not determinative of his present status.[8]

The court has previously granted plaintiff leave to proceed *in forma pauperis* in two other civil cases he has filed,[9] but plaintiff must still submit a complete financial affidavit each time he applies for *in forma pauperis* status.  In this case, plaintiff has failed to disclose any financial information on his form affidavit, instead responding "NA" in nearly all of the spaces provided.  The court ordered plaintiff to file a supplemental financial affidavit within fourteen (14) days after the date of the order (ECF No. 4).  Plaintiff has failed to timely file a supplemental affidavit. He instead filed documents entitled "Plainiff [sic] Objects to the Magistrate Judge's Orded [sic] to Deny My His [sic] Request to Proceed Exempt from Paying Filing Fees" (ECF No. 6) and "Affidavit of Notice of Claimant's Exemption from Civil Filing Fees" (ECF No. 6-1).

---

[4] *Scherer v. State of Kan.*, 263 F. App'x 667, 669 (10th Cir. 2008).

[5] *See Patterson v. Park Univ.*, No. 10-2687, 2011 WL 52546 at *1 (D. Kan. Jan. 6, 2011) ("In light of Plaintiff's incomplete financial affidavit, the Court is unable to determine whether Plaintiff is able to pay the filing fee.")

[6] *Overton v. IRS*, 23 F. App'x 962, 963 (10th Cir. 2001).

[7] *Id.*; *Scherer*, 263 F. App'x at 669.

[8] *Scherer*, 263 F. App'x at 669 (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)).

[9] *See Neighbors v. State of Kan.*, No. 16-4023-DDC; *Neighbors v. Lawrence Police Department*, 15-4921-DDC.

Neither of these documents provides any supplemental information about plaintiff's financial status.

Because plaintiff has failed to timely file a supplemental affidavit as ordered, the magistrate judge recommends that plaintiff's motion be denied and that plaintiff be ordered to pay the $400 filing fee within fourteen (14) days from the date the district judge issues a ruling regarding this Report and Recommendation.  The magistrate judge further recommends that the district judge dismiss this action without prejudice to refiling if plaintiff fails to timely pay the filing fee.

Dated this 23rd day of June, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
