IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GUY MADISON NEIGHBORS,**

      **Plaintiff,**

v.

**LAWRENCE POLICE DEPARTMENT, et al.,**

      **Defendants.**

Case No.  16-CV-4065-DDC-KGS

**MEMORANDUM AND ORDER**

      This case is closed.  Nevertheless, this matter comes before the court on plaintiff's "Motion to Appeal to the District Court Judge the Magistrate Judge[']s [Recommendation] to Dismiss Case Number [16-4065] Without Prejudice."  Doc. 25.  Plaintiff asserts that the district court had no authority to dismiss this case based on the magistrate judge's recommendation.  This is incorrect.

      Under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), a district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the district judge's disposition of a dispositive motion.  A party may serve and file objections to the magistrate judge's report and recommendation within 14 days after service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  And then, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (stating that "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

1

The court followed this procedure here.  On June 23, 2016, Magistrate Judge K. Gary Sebelius issued a Report and Recommendation (Doc. 9), recommending that the district judge deny plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) because plaintiff had failed to disclose the required financial information necessary for the court to consider his motion properly.  Judge Sebelius also recommended that the district court order plaintiff to pay the $400 filing fee within 14 days from the date of this Order.  Finally, Judge Sebelius recommended that the district court dismiss this lawsuit without prejudice to refiling if plaintiff fails to pay the filing fee in a timely fashion.

Judge Sebelius noted in his Report and Recommendation that plaintiff could serve and file objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, within 14 days after service.  Doc. 9 at 1.  He also advised plaintiff that failing to make a timely objection to the Report and Recommendation would waive any right to appellate review. *See id.* (explaining that "[i]f no objections are timely filed, no appellate review will be allowed by any court.").  The Clerk sent a copy of the Report and Recommendation to plaintiff by certified mail.  *See* Docket Entry for Doc. 9 (stating "[a] copy of this order was sent to plaintiff by certified mail (tracking no. . . .)").

Plaintiff made no timely objection to the Report and Recommendation.  So, on July 13, 2016, the court accepted, adopted, and affirmed the Report and Recommendation in its entirety, denying plaintiff's Motion for Leave to Proceed *in forma pauperis*.  Doc. 12. The court ordered plaintiff to pay the filing fee within 14 days and cautioned that the court may dismiss his case without prejudice if he failed to pay the fee in a timely fashion.  Plaintiff never paid the filing fee so, on August 5, 2016, the court dismissed this case without prejudice.  Doc. 19.

On August 19, 2016, plaintiff filed untimely objections to the Report and Recommendation. Doc. 21. The court denied these objections as untimely. Doc. 22. Plaintiff's failure to file timely objections waives his appeals rights. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004) (explaining that the Tenth Circuit has a "firm waiver rule when a party fails to object to the findings and recommendations of the magistrate."). The court noted that, even if plaintiff's objections were timely, he provided no basis for sustaining the objection. Doc. 22.

Plaintiff's assertions that Judge Sebelius lacked authority to issue the Report and Recommendation and that the district court improperly dismissed his case are unfounded. To the extent his "Motion to Appeal" is another objection to Judge Sebelius' Report and Recommendation, the court denies plaintiff's objections as untimely. Plaintiff also provides no reason for setting aside the court's dismissal of this case without prejudice.

Plaintiff also questions the partiality of Judge Sebelius and the undersigned judge. Plaintiff's complaints are untimely because the case is closed. Even so, his complaints about partiality stem from the fact that he disagrees with the court's rulings. This is not a valid basis for recusal. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (holding that adverse rulings are not appropriate grounds to disqualify a judge).

**Finally, the court reiterates that this case is closed.** Yet plaintiff continues to file meritless motions in this case, despite this court's dismissal of the case without prejudice. This practice is congesting the court's docket and restraining the court's resources. As Judge Sebelius noted in his last order, plaintiff has filed motions in this case that include the case numbers of his two other pending cases in the caption, although the cases are not joined. Judge Sebelius instructed plaintiff to file separate motions and papers in each of his cases in the future. And

Judge Sebelius cautioned plaintiff that the failure to comply with this requirement may result in the court striking future filings. The court charges plaintiff to follow these instructions going forward.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Motion to Appeal to the District Court Judge the Magistrate Judge[']s [Recommendation] to Dismiss Case Number [16-4065] Without Prejudice" (Doc. 25) is denied.

**IT IS SO ORDERED.**

**Dated this 9th day of September, 2016, at Topeka, Kansas**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**